**Not for Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 04-1555

HEIRS OF JUAN MILETE MEDERO ET AL.,
Plaintiffs, Appellants,

v.

HOSPITAL DR. SUSONI, INC., ET AL.,
Defendants.

_____

AM CARE, INC. AND RELIANCE INSURANCE COMPANY OF ILLINOIS,
Defendants, Appellees.

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

[Hon. Salvador E. Casellas, U.S. District Judge]

Before

Selya, Circuit Judge,
Coffin and Cyr, Senior Circuit Judges.

Héctor J. Benítez Arraiza and Llovet Zurinaga & López, P.S.C.
on brief for appellants.

December 3, 2004

**Per Curiam**.    Juan Milete Medero (Milete) arrived at Hospital Dr. Susoni, Inc. (HDS) complaining of chest pain.  A battery of tests were performed in the emergency room and Milete was then discharged.  He died a few days later.

Milete's heirs brought suit in the federal district court against HDS, AM Care (a firm that allegedly managed the emergency room), and their respective insurers.  The gravamen of the action was the allegation that HDS and/or AM Care failed to perform adequate screening, neglected to stabilize the decedent, and prematurely discharged him in violation of the Emergency Medical Treatment and Active Labor Act (EMTALA), 42 U.S.C. § 1395dd (2003). The defendants denied the material allegations of the complaint. In due course, the district court granted a motion for summary judgment filed by HDS and its insurer (St. Paul Fire & Marine Insurance Co.).  The court dismissed the action with prejudice as to all the defendants.

The plaintiffs appealed. While their appeal was pending, the plaintiffs, HDS, and St. Paul negotiated a settlement.  The terms of the settlement are obscure, and the parties apparently disagree as to whether the settlement abrogated the plaintiffs' claims against AM Care and its insurer (Reliance Insurance Co.). In consequence of the settlement, we entered an order dismissing the appeal vis-à-vis HDS and St. Paul.  Appellate courts lack a mechanism for factfinding, however, and the dispute as to whether

the settlement has a broader reach remains unresolved. The plaintiffs' appeal is still pending as to AM Care and Reliance.

The plaintiffs desire to press forward with what remains of their appeal. AM Care and Reliance, apparently believing that the claims against them were extinguished by the settlement, have not filed a brief. To complicate matters, the plaintiffs' brief, filed prior to the consummation of the settlement, addresses only the claims against HDS and St. Paul. It does not specifically address the more nuanced claims advanced against AM Care and Reliance. We say "more nuanced" because it is unclear whether AM Care — a non-hospital health care provider — is a proper defendant under EMTALA.[1]

In the present posture of the case, we think that the course of prudence is summarily to vacate the judgment below as to AM Care and its insurer and remand to the district court for further proceedings. See 1st Cir. R. 27(c). On remand, the district court first should explore the scope of the settlement and determine whether it extinguished the plaintiffs' claims against AM Care and its insurer. If so, the court should dismiss the remaining claims on that ground.

If, however, the claims against AM Care and its insurer survive the settlement, the court should then resolve the statutory

_____

[1]The district court noted this question and directed the parties to brief it. After receiving the parties' memoranda, the court never resolved the question.

construction question, namely, whether EMTALA applies to non-hospital providers like AM Care.  If the court answers that query affirmatively, it next should proceed to address the EMTALA claims on the merits and enter judgment accordingly.  But if the court answers the statutory construction question in the negative, it should dismiss the claims against AM Care and its insurer without prejudice for want of federal subject matter jurisdiction.

We add two caveats.  First, our vacation of the judgment neither applies to HDS and St. Paul nor affects the earlier order dismissing the appeal as to those parties.  That aspect of the case is finished.  Second, we intimate no view as to the ultimate resolution of any of the issues that must be vetted on remand. Having mapped the terrain, we need go no further.

**Vacated and remanded**.  **All parties shall bear their own costs**.